**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **AI AUTOMATION, LLC,** | |
| **Plaintiff,** | |
| **V.** | **Civil Action No.  2:15-cv-2109** |
| **HARMONIX MUSIC SYSTEMS, INC., MAD CATZ, INC., and GAMESTOP CORP.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

This is an action for patent infringement in which Plaintiff, AI Automation, LLC ("AIA"), makes the following allegations against Defendants Harmonix Music Systems, Inc. ("Harmonix"), Mad Catz, Inc. ("Mad Catz"), and GameStop Corp. "(GameStop") (collectively "Defendants"):

### THE PARTIES

1.      Plaintiff AIA is a Texas limited liability company having its principal place of business in Houston, Texas.

2.      On information and belief, Defendant Harmonix is a Delaware corporation having its principle place of business in Cambridge, Massachusetts.

3.      On information and belief, Defendant Mad Catz is a Delaware corporation having its principle place of business in San Diego, California.

4.      On information and belief, Defendant GameStop is a Delaware corporation having principle place of business in Grapevine, Texas.

### NATURE OF THE ACTION

5.      This is a civil action for the infringement of United States Patent No. 6,388,181 under the Patent Laws of the United States 35 U.S.C. § 1 *et seq.*

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271, *et seq*.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).  On information and belief, each Defendant has transacted business in this District, and has committed acts of patent infringement in this District.

8.     On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this District.

## JOINDER

9.     On information and belief, joinder of Defendants is proper under 35 U.S.C. § 299 because of the relationships between Defendants with respect to the development, publication, sale and/or distribution of the *Rock Band 4* video games and *Rock Band 4* accessories.

## THE PATENT-IN-SUIT

10.     On May 14, 2002, the USPTO duly and legally issued United States Patent No. 6,388,181 ("the '181 Patent") entitled "Computer Graphic Animation, Live Video Interactive Method for Playing Keyboard Music."  A true and correct copy of the '181 Patent is attached as Exhibit A.

11.     AIA is the owner of all rights, title, and interest in the '181 Patent and possesses all rights to sue and recover for any current or past infringement.

## COUNT 1: INFRINGEMENT OF THE '181 PATENT

12.     Paragraphs 1-11 are incorporated by reference as if fully restated herein.

-2-

13.    On information and belief, Defendants, directly or through intermediaries, have acted and are acting to develop, use, publish, manufacture, import, ship, distribute, offer for sale, sell, and/or advertise *Rock Band 4* and *Rock Band 4* instruments specially designed for use with the *Rock Band 4* video game ("*Rock Band 4* and *Rock Band 4* accessories").

14.    On information and belief, Defendants have been and are now directly infringing and/or indirectly infringing the '181 Patent by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, in this District, and elsewhere, in violation of 35 U.S.C. § 271, including developing, making, using, selling, shipping, distributing, advertising, and/or offering for sale in the United States or importing into the United States products covered by at least claims 26 and 31 of the '181 Patent.

15.    On information and belief, Defendants have had knowledge of the '181 Patent since at least as early as March 6, 2014.

16.    On information and belief, Defendants actively induce product makers, distributors and/or end users of the products to infringe the '181 Patent by, among other things, advertising and promoting the use of *Rock Band 4* and *Rock Band 4* accessories in various websites, including, but not limited to, www.rockband4.com, providing and disseminating instructions on how to play and use *Rock Band 4* and *Rock Band 4* accessories, and providing hardware and software components required by the claims of the '181 Patent.

17.    On information and belief, Defendants engage in the foregoing activities because they specifically intend end users, product makers and/or distributors to develop, use, publish, manufacture, import, ship, distribute, offer for sale, sell, and/or advertise *Rock Band 4* and *Rock Band 4* accessories.

18.    On information and belief, through Defendants' policies and practices of not investigating whether *Rock Band 4* and *Rock Band 4* accessories infringe the patents of others, Defendants intentionally took steps to avoid learning the extent of their infringement of the '181 Patent.

19.    On information and belief, Defendants derive revenue from both their own and/or

third-party infringement of the '181 Patent.

20.     On information and belief, Defendants contributorily infringe the '181 Patent because they sell, import, or offer to sell components of infringing products, including, for example, components of *Rock Band 4* and *Rock Band 4* accessories, that constitute a material part of the invention of the '181 Patent, knowing the components to be especially made or especially adapted for use in an infringement of the '181 Patent, and knowing the components are not a staple article or commodity of commerce suitable for substantial noninfringing use.

## PRAYER FOR RELIEF

Wherefore, Plaintiff AIA respectfully requests that this Court enter judgment against Defendants as follows:

a) adjudging that the Defendants have infringed, literally or under the doctrine of equivalents, the '181 Patent;

b) awarding AIA the damages to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, and ordering a full accounting of same;

c) awarding AIA attorneys' fees pursuant to 35 U.S.C. § 285;

d) awarding AIA pre-judgment and post-judgment interest on its damages; and

e) awarding AIA such other and further relief in law or equity that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

AIA hereby demands a trial by jury on all claims and issues so triable.

Dated: December 23, 2015

Respectfully submitted,

By: */s/   Bradford J. Black*
    Bradford J. Black
    Texas Bar No. 24086243
    Andrew G. Hamill
    California Bar No. 251156
    BLACK & HAMILL LLP
    4 Embarcadero Center, Ste. 1400
    San Francisco, CA 94111
    Email: ahamill@blackhamill.com
    Email: bblack@blackhamill.com
    Tel: (415) 813-6210
    Fax: (415) 813-6222

    **ATTORNEYS FOR PLAINTIFF**
    **AI AUTOMATION, LLC**